IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESSICA LEANN PACKER                                   PLAINTIFF

vs.                          Civil No. 2:18-cv-02161

NANCY BERRYHILL                                      DEFENDANT
Acting Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Jessica Leann Packer ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K. Holmes, III referred this case to the undersigned for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

**1.**     **Background:**

Plaintiff's application for DIB and SSI were filed on April 25, 2016. (Tr. 15). Plaintiff alleged she was disabled due to hyperacusis. (Tr. 206). Plaintiff alleged an onset date of June 1, 2005. (Tr. 188). These applications were denied initially and again upon reconsideration. (Tr. 15). Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted. (Tr. 126-127).

Plaintiff had an administrative hearing on May 17, 2017. (Tr. 35-59). Plaintiff was present and was represented by counsel, Michael Hamby, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Barbara Hubbard testified at this hearing. *Id.* At the time of this hearing, Plaintiff was twenty-seven (27) years old and obtained a GED with some college. (Tr. 41).

On March 12, 2018, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 15-28). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since the alleged onset date of June 1, 2005. (Tr. 17, Finding 2). The ALJ also determined Plaintiff had the severe impairments of hyperacusis, chronic low back pain syndrome, chronic neck pain, bipolar disorder, post-traumatic stress disorder (PTSD), and anxiety. (Tr. 17, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 19-26). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* The ALJ also found Plaintiff retained the RFC to perform light work limited to work involving simple tasks, simple instructions, incidental contact with the public, and no exposure to loud noises. (Tr. 19, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 26, Finding 6). The ALJ found Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 26, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a library shelving clerk with 100 such jobs in Arkansas and 16,100

such jobs in the nation, routing clerk with 500 such jobs in Arkansas and 53,400 such jobs in the nation, and hotel housekeeper with 1,100 such jobs in Arkansas and 134,000 such jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from June 1, 2005. (Tr. 27, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 181-182). *See* 20 C.F.R. § 404.968. On August 9, 2018, the Appeals Council declined to review this unfavorable decision. (Tr. 1-6). On September 14, 2018, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 14, 15. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160

F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred in the RFC determination. ECF No. 14, Pgs. 1-8. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 15.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based

on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work limited to work involving simple tasks, simple instructions, incidental contact with the public, and no exposure to loud noises. (Tr. 19). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 14, Pgs. 1-8. However, substantial evidence supports the ALJ's RFC determination.

Plaintiff alleged she was disabled due to hyperacusis. (Tr. 206). The ALJ found Plaintiff's hyperacusis was a severe impairment. (Tr. 17). The ALJ then specified nonexertional, environmental limitations and limited Plaintiff to jobs involving simple tasks, simple instructions, incidental contact with the public and no exposure to loud noises. (Tr. 19).

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. Plaintiff has not referenced any specific limitations the ALJ improperly assessed or provided any medical evidence or other evidence demonstrating the ALJ erred in assessing his limitations.

Plaintiff has the burden of demonstrating her alleged limitations. *See, e.g., Young v. Apfel,* 221 F.3d 1065, 1069 (8th Cir. 2000). Without more, the Court cannot find the ALJ erred in assessing her RFC. The mere fact Plaintiff suffers from a number of different impairments does not demonstrate she is disabled due to those impairments.

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **6th day of May 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE